# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOHN H. ROSKY, | Case No. 3:16-cv-00156-MMD-VPC |
| Petitioner, | |
| v. | ORDER |
| QUENTIN BYRNE, *et al.,* | |
| Respondents. | |

This is a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by a Nevada state prisoner. Currently pending before the Court are several motions, including the respondents' motion to dismiss the petition as untimely. In opposition, petitioner has argued, among other things, that his petition should be considered timely pursuant to *Schlup v. Delo*, 513 U.S. 298 (1995) because he is actually innocent.

Under 18 U.S.C. § 3006A(a)(2)(B), the court may appoint counsel for a petitioner seeking relief under 28 U.S.C. § 2254 if the petitioner is financially eligible and the court determines that the interests of justice require appointment of counsel. In light of the issues presented in connection with petitioner's gateway claim of actual innocence, the Court believes that appointment of counsel in this matter is in the interests of justice. The Court takes judicial notice of an application to proceed *in forma pauperis* filed by petitioner with the Ninth Circuit Court of Appeals (Docket No. 17-72652) and concludes based thereon that petitioner is financially eligible for appointment of counsel.

Accordingly, it is hereby ordered that counsel is appointed to represent petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

It is further ordered that the Federal Public Defender will be provisionally appointed as counsel and will have thirty (30) days to undertake direct representation of petitioner or to indicate to the Court the office's inability to represent petitioner in these proceedings. If the Federal Public Defender is unable to represent petitioner, the Court then will appoint alternate counsel.

It is further ordered that the Clerk send a copy of this order to the Federal Public Defender and the CJA Coordinator for this division.

It is further ordered that the pending motion to dismiss (ECF No. 16) is denied without prejudice. A deadline for filing an amended petition, or, if none, for respondents to renew their motion to dismiss will be set after counsel has entered an appearance.

It is further ordered that petitioner's motion for summary judgment (ECF No. 32) and "Motion Noticing the Court that Petitioner Vehemently Objects Respondents' Intention to Violate his Due Process Rights" (ECF No. 35) are denied. Respondents will have the opportunity to file an answer addressing all of the petitioner's claims after the Court decides any motion to dismiss, and the merits of the petition will not be considered by the Court until the answer and any reply thereto have been filed. Respondents' intent to file an answer after any motion to dismiss does not violate the petitioner's due process rights.

DATED THIS 10th day of January 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE