UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN H. ROSKY,<br><br>Petitioner,<br>v.<br>QUENTIN BYRNE, *et al.*,<br><br>Respondents. | Case No. 3:16-cv-00156-MMD-VPC<br><br>ORDER |

On January 10, 2018, the Court *sua sponte* granted petitioner counsel in this matter and denied without prejudice the pending motion to dismiss. (ECF No. 40.) Petitioner has objected to the appointment of counsel by way of an emergency motion for reconsideration. (ECF No. 41.)

In light of petitioner's desire to proceed in this action *pro se*, it is therefore ordered that petitioner's motion for reconsideration (ECF N. 41) is granted, and that part of the Court's order of January 10, 2018, appointing petitioner counsel is hereby vacated.

It is further ordered that the provisional appointment of the Federal Public Defender to represent petitioner is withdrawn. It is further ordered that the Clerk send a copy of this order to the Federal Public Defender.

It is further ordered that that part of the Court's order of January 10, 2018, denying without prejudice the respondents' motion to dismiss (ECF No. 16) is vacated, and the motion will be shown as a pending motion.

In this action, petitioner asserts a gateway claim of actual innocence that relies, in part, on an audio tape recording between himself and the victim. Petitioner has not provided the Court with a copy of that audio recording but has provided a transcript dated March 18, 2004, that purports to be of the recording. (*See* ECF No. 2-1 at 37-40.)

It is therefore further ordered that petitioner must, within thirty (30) days of the date of this order, provide the Court with a copy of the audio recording he relies on for his claim of actual innocence, along with any and all evidence, and/or citation to evidence already in the record, that petitioner has establishing that the recording is an authentic and valid recording of an alleged telephone conversation between petitioner and the victim and establishing the date on which it was recorded. Petitioner must also provide any and all evidence establishing that the transcript dated March 18, 2004, is an authentic and valid transcription of the subject audio recording.

It is further ordered that within fifteen (15) days of the petitioner's response to this order respondents must file a reply addressing the petitioner's actual innocence argument.

DATED THIS 19th day of January 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE